Filed 9/14/21  P. v. Brown CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BENNIE BROWN,<br><br>    Defendant and Appellant. | F078554<br><br>(Super. Ct. No. BF168675A)<br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua and Michael G. Bush, Judges.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and F. Matt Chen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Bennie Brown (defendant) was found guilty of a felony and two misdemeanors for attempting to evade pursuing police officers.  He was sentenced to five years in prison,

*Before Levy, Acting P. J., Peña, J. and Meehan, J.

which included a one-year prior prison term enhancement. Defendant's court-appointed appellate counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), i.e., one that asserted no claims but sought an independent examination of the record to determine if there are any arguable issues. Counsel specifically asked for a review of proceedings concerning a motion made pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

Defendant was advised he could file a separate brief on his own behalf, but he made no apparent effort to do so. His appointed counsel later requested and was granted permission to file a supplemental brief regarding Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People filed a responsive brief conceding that Senate Bill 136 applies retroactively and, therefore, the prior prison term enhancement should be stricken from the judgment.

As a result of our independent review and further confidential proceedings conducted by the trial court at our request, it came to light that certain material was inadvertently omitted from the original *Pitchess* proceedings. The trial court has formally concluded the omission resulted in a failure to provide discoverable information to the defense. The parties were notified of the issue and given the opportunity to submit additional briefing, which they have done.

We accept the People's concession regarding the prior prison term enhancement. Due to the *Pitchess* error, the judgment will be conditionally reversed and the matter remanded for further proceedings as required by *People v. Gaines* (2009) 46 Cal.4th 172 (*Gaines*). There are no other arguable issues.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 22, 2017, shortly after midnight, Bakersfield police officers in a marked patrol car attempted to stop defendant for driving without illuminated headlights. Instead of pulling over, defendant performed a series of erratic and dangerous maneuvers, e.g., illegal U-turns over raised medians and driving the wrong way against oncoming traffic.

2.

He collided with what the record describes as a "water main," breaking a pipe and "causing water to spill out to the street." After damaging his vehicle to the point of inoperability, defendant fled on foot.

Defendant was apprehended in the backyard of a private residence and transported to a hospital. Photographs taken at the hospital showed he had sustained facial injuries. Two arresting officers admitted to punching defendant in the face, allegedly while he was resisting arrest.

Defendant was charged with committing assault with a deadly weapon by use of his Honda Civic automobile. (Pen. Code, § 245, subd. (c); count 1). He was alleged to have driven toward an oncoming patrol car, maintaining his position and forcing the patrol car to swerve to avoid a collision. There were additional charges of felony evading (Veh. Code, §§ 2800.1, 2800.2, subd. (a); count 2); felony resisting (Pen. Code, § 69; count 3), and misdemeanor hit and run (Veh. Code, § 20002, subd. (a); count 4). Defendant was further alleged to have suffered a prior strike conviction (Pen. Code, §§ 667, subds. (b)–(j), 1170.12, subds. (a)–(e)) and to have served a prior prison term (*id*., § 667.5, former subd. (b)). The substantive charges were tried before a jury in November 2018.

At trial, residents of the home where defendant was arrested testified to having seen him surrender with his hands up. According to the testimony, the police were not violent during the process of detaining and handcuffing defendant. This implied defendant was punched while in custody, and his counsel theorized some allegations were fabricated to cover up the illegal use of force. The defense also cast doubt over the vehicular assault charge through cross-examination of the prosecution's witnesses.

During closing argument, the defense attorney conceded defendant's guilt on the less serious charges. Counsel told the jury:

> "[A]fter law enforcement activated their lights and sirens, [defendant] drove in a manner that was in violation of numerous traffic codes, which

would amount to a violation of the felony evading [statute]. [¶] He also committed the misdemeanor charged in Count 4, which is hitting-and-running.… [¶] … [¶] He was fleeing from police on foot, thereby resisting arrest, but it's the lesser offense, not the greater offense, resisting with force. He did not use force after leaving the vehicle, after the evasion was complete. [¶] He is not guilty of assault with a deadly weapon, Count 1. He is not guilty of resisting with force, Count 3."

The jury hung on the vehicular assault charge by a vote of eight to four in favor of acquittal. A mistrial was declared as to count 1, which was later dismissed at the People's request. Defendant was convicted of felony evading as charged in count 2. On count 3, he was acquitted of felony resisting but found guilty of a lesser included misdemeanor (Pen. Code, § 148). A guilty verdict was returned on the count 4 misdemeanor, and the recidivism/enhancement allegations were found true in a bifurcated bench trial.

Defendant was sentenced to four years in prison for the felony offense (the middle term of two years, doubled because of a prior strike). A defense motion to dismiss the prior strike allegation was denied. (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504.) The prior prison term enhancement added a consecutive one-year term to the sentence. Concurrent jail terms were imposed for counts 3 and 4.

The trial court imposed a $300 restitution fine as required by Penal Code section 1202.4, subdivision (b). A separate fine of $300 was imposed but suspended pending defendant's successful completion of parole. (*Id*., § 1202.45.) Defendant was also ordered to pay court operations assessments totaling $120 (*id*., § 1465.8) and court facilities assessments totaling $90 (Gov. Code, § 70373).

The notice of appeal was filed on December 12, 2018. In March 2019, defendant's appellate counsel sought relief in the trial court based on the holding of *People v. Dueñas* (2019) 30 Cal.App.5th 1157. (See Pen. Code, § 1237.2 [procedure for correcting errors regarding assessments and fines after notice of appeal has been filed].)

4.

In May 2019, the trial court ordered the restitution fine stayed and "waived" all previously imposed assessments. Appellate counsel then filed a *Wende* brief.

The *Wende* brief included requests for an independent examination of (1) a sealed transcript of the hearing on a *Pitchess* motion and (2) a sealed transcript of a hearing "following defense counsel's concession during closing argument that [defendant] was guilty of counts two and four." Appellate counsel attested to providing the required *Wende* notice to defendant, providing defendant with a copy of the opening brief, and informing defendant he had 30 days to submit his own supplemental brief. This court provided separate notice to defendant of his right to file a supplemental brief. Defendant took no responsive action.

On October 8, 2019, the Governor signed Senate Bill 136. (Stats. 2019, ch. 590, § 1.) Three days later, appellate counsel requested permission to file a supplemental brief regarding the new legislation. The request was granted and both sides briefed the issue.

In February 2020, the record on appeal was ordered augmented to include transcripts of the hearings cited in the *Wende* brief and the confidential material at issue in the *Pitchess* motion. While reviewing the augmented record, we found a document in the *Pitchess* material that was not included in the list of items produced by the custodian of records. In December 2020, an order was issued directing the superior court to "conduct confidential in camera proceedings" and "prepare a confidential settled statement identifying as precisely as possible the specific documents/information disclosed following the *Pitchess* hearing on March 21, 2018." (Boldface omitted.) Our main goal was to determine whether the trial court had reviewed the document in question during the original *Pitchess* proceedings.

Earlier this year, at the superior court's request, the *Pitchess* material was sent to the judge who heard defendant's motion in 2018. The trial court has since complied with our orders and provided a confidential settled statement on the matter. The subject document was determined to have been inadvertently omitted from the original *Pitchess*

proceedings. The trial court has concluded the document was relevant, and certain information therein would have been ordered disclosed but for the omission.**1** The parties have filed supplemental briefing on the *Pitchess* issue and agree on the remedy of conditional reversal and remand (see *post*).

## DISCUSSION

### I.     Senate Bill 136

Defendant's prior prison term enhancement, imposed under a former version of Penal Code section 667.5, was based on a term served for unlawful possession of a firearm (*id*., § 25850, subd. (c)(3)). By enactment of Senate Bill 136, effective January 1, 2020, such enhancements apply only to prison terms served for a sexually violent offense within the meaning of Welfare and Institutions Code section 6600, subdivision (b). (Stats. 2019, ch. 590, § 1.) Under the current law, defendant's prior prison term does not qualify for the enhancement.

It has uniformly been held, including in cases from this district, that Senate Bill 136 applies retroactively to nonfinal judgments. (E.g., *People v. Winn* (2020) 44 Cal.App.5th 859, 872; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681–682; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.) Because defendant's appeal was pending when Senate Bill 136 was enacted, the enhancement is invalid.

### II.     *Wende* Review

"[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal. California's procedure for securing this right requires counsel to file a brief summarizing the proceedings and the facts with citations to the record, and requires the appellate court to review the entire record to determine whether there is any

---

**1**The record on appeal has been augmented to include the confidential settled statement, which remains under seal.

6.

arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.) Defendant's appellate counsel has fulfilled his obligations in this regard. We have independently reviewed the entire record and conclude no arguable issue exists beyond the *Pitchess* error, discussed further, *post*.

The concessions made by defendant's trial attorney during closing argument do not give rise to any viable claims. "Recognizing the importance of maintaining credibility before the jury," the California Supreme Court has "repeatedly rejected claims that counsel was ineffective in conceding various degrees of guilt." (*People v. Freeman* (1994) 8 Cal.4th 450, 498.) The record shows defense counsel implemented, with defendant's approval, "a calculated strategy to concede the near inevitable outcome on certain charges in order to gain credibility with the jury and pursue acquittal on charges where the evidence was not as strong." (*People v. Bernal* (2019) 42 Cal.App.5th 1160, 1169.)

## III.    *Pitchess* **Error**

A *Pitchess* motion involves "screening law enforcement personnel files in camera for evidence that may be relevant to a criminal defendant's defense." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1225.) If statutory prerequisites are met, "the custodian of records should bring to court all documents 'potentially relevant' to the defendant's motion." (*Id.* at p. 1226.) Following a review of the documents in chambers, and "[s]ubject to statutory exceptions and limitations, … the trial court should then disclose to the defendant 'such information [that] is relevant to the subject matter involved in the pending litigation.'" (*Ibid*.)

Defendant's *Pitchess* motion concerned three police officers. Defendant sought to obtain, inter alia, "evidence of, or complaints of," prior aggressive conduct, dishonesty, and/or the use of excessive force. The motion was granted in part and denied in part, and certain information was disclosed to the defense. However, a document containing

relevant and discoverable information was not produced by the custodian of records and, consequently, was not reviewed by the trial court at the motion hearing.

A *Pitchess* error generally requires further proceedings on remand. In some cases, "a limited remand for the defendant to establish prejudice is appropriate because the reviewing court has already determined the defendant demonstrated 'good cause' for the discovery requested below—including that the discovery is material to the litigation." (*People v. Caro* (2019) 7 Cal.5th 463, 487, fn. 4.) "[W]hen a trial court has failed to review the *Pitchess* documents at all, it is appropriate to remand the case to permit the trial court to review the requested documents in chambers and to issue a discovery order, if warranted." (*Gaines*, *supra*, 46 Cal.4th at p. 181.)

Under *Gaines*, the proper remedy "is not outright reversal, but a conditional reversal with directions to review the requested documents in chambers on remand." (*Gaines*, *supra*, 46 Cal.4th at p. 180.) Here, the trial court has already conducted such a review and determined the omitted material contained discoverable information. The next step is for the trial court to disclose the information, give the defendant the opportunity to show prejudice from the earlier omission, and order a new trial if the defendant demonstrates a reasonable probability the outcome would have been different had the relevant information been timely disclosed. (*Id.* at pp. 180–181, & fn. 3.) If the defendant declines to move for a new trial or fails to show prejudice, the trial court should reinstate the judgment and resolve the issue of the prior prison term enhancement. (See *id.* at pp. 182–183; *People v. Moreno* (2011) 192 Cal.App.4th 692, 703 ["If the defendant does demonstrate such a probability, the court must order a new trial; if he does not, the judgment shall be reinstated"].)

## DISPOSITION

The judgment is conditionally reversed and the matter is remanded to the trial court with directions to provide defendant with the discoverable information referenced in its confidential settled statement to this court, subject to an appropriate protective

8.

order.  Defendant shall be afforded a reasonable opportunity to determine whether the newly disclosed information would have led to any relevant, admissible evidence he could have presented at trial.  If defendant can show the *Pitchess* error was prejudicial, the trial court must order a new trial.  In the event defendant does not seek further relief from the *Pitchess* error or fails to demonstrate prejudice as a result of the error, the judgment shall be reinstated.

If the judgment is reinstated, the trial court must vacate the prior prison term enhancement, dismiss the enhancement allegation, and resentence defendant accordingly.  The trial court shall then prepare an amended abstract of judgment and forward a certified copy of the same to the California Department of Corrections and Rehabilitation.